UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK LEWIS**<br>*Plaintiff,*<br><br>v.<br><br>**SOUTHERN FIDELITY<br>INSURANCE COMPANY**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br><br>JUDGE _____<br><br><br>MAG. JUDGE _____ |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW INTO COURT, through undersigned counsel comes Mark Lewis ("Plaintiff"), who files this Complaint for Damages against Defendant, Southern Fidelity Insurance Company, and would respectfully show as follows:

### I. PARTIES

1.   Plaintiff Mark Lewis is a Louisiana resident, domiciled in Lake Charles, Calcasieu Parish, Louisiana.

2.   Defendant, Southern Fidelity Insurance Company ("Defendant"), is a foreign insurance company, organized in the state of Florida and authorized to do and does business in the State of Louisiana, which may be served through its registered agent for service of process, Hon. R. Kyle Ardoin, Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70801.

3.   When used herein, Defendant refers to not only the named entity but to anyone acting for or on behalf of Defendant in relation to the claims of Plaintiff, including the employees,

contractors, adjusters, and agents of Defendant or anyone providing services to Defendant relating to the claims of Plaintiff.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and §1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

5. Pursuant to 28 U.S.C. §1391(b), venue is proper in the Western District of Louisiana, Lake Charles Division because the property that is subject of this action and where the damages were sustained occurred within the Western District of Louisiana, Lake Charles Division.

## III. FACTUAL BACKGROUND

6. On or around August 27, 2020, Hurricane Laura came ashore near Cameron Parish, Louisiana. As a near Category 5 hurricane, it was the fifth largest storm to ever impact the United States.[1] Hurricane-force winds extended inward for well over 100 miles and inflicted catastrophic damage across Louisiana and more specifically within the Lake Charles area.

7. At all times relevant hereto, Plaintiff owns the property located at 1621 Clover Dr., Lake Charles, LA 780607 (the "Property").

8. At all times relevant hereto, Defendant provided a policy of insurance, Policy # LSD00328300917 (the "Policy"), to Plaintiff covering the Property against perils including hurricanes and wind damage, and provided the following types of coverages commonly known as Dwelling, Other Structures, Contents/Personal Property, and Additional Living Expenses/Loss of

---

[1] Jeff Masters, *Devastating Laura Is Tied as the Fifth-strongest Hurricane on Record to Make Landfall in the Continental U.S.*, YALE CLIMATE CONNECTIONS (Aug. 27, 2020), available at https://yaleclimateconnections.org/2020/08/devastating-laura-tied-as-fifth-strongest-hurricane-to-make-landfall-in-continental-u-s/

Use. The Policy was in full force and effect during all times pertinent hereto, with the annual premium having been paid in full.

9. On or around August 27, 2020, Hurricane Laura caused significant damages to the Plaintiff's Property.

10. Plaintiff timely and promptly reported the loss to Defendant who assigned claim number 170100028096. As soon as practicable, Plaintiff took steps to mitigate the damages to their home to the best of their ability under the catastrophic circumstances.

11. Defendant was first notified of the loss and was provided was satisfactory proof of Plaintiff's loss when it was given full access to inspect all damages at the insured property without limitation.

12. Defendant assigned James Bray with Tempest Claims Service to investigate Plaintiff's loss and adjust the claim. Mr. Bird inspected the Property on or around September 13, 2020.

13. Defendant, through Mr. Bray, misrepresented the extent and nature of the damage to Plaintiffs' Property. Defendant underestimated the amount needed to restore the Property to pre-loss condition. Defendant's inspection of the Property was inadequate and did not accurately account for the full extent of the damages to the Property.

14. While Defendant acknowledged there was storm damage to the Property, Defendant did not fully estimate for the costs to restore the Property. Defendant estimated the damage to the property at approximately $12,000.00.

15. Given Defendant's underestimation of the damages, Plaintiff retained the services of a public adjuster, Mitchell Adjusting International, and MWW Consulting to obtain a more accurate assessment of the damages.

16. MWW Consulting estimated the replacement cost value of the damages at $108,702.67.

17. Defendant's estimate of the damages not only underestimate the cost and scope of the damage but did not include any damage for temporary repairs or general conditions.

18. To date, and despite being provided with satisfactory proofs of loss, Defendant has continued to delay and underpay on the claim. Defendant is therefore in violation of La R.S. §22:1892 and §22:1973.

19. Defendant has failed to adequately investigate the claim or explain its refusal to unconditionally tender the total amount owed to Plaintiff. While Defendant has made partial payments, Defendant has refused to fully pay to restore the Property to pre-loss condition. Defendant has continued to delay, underpay, and put its financial interests above the interests of its insured.

20. As a result of Defendant's failure to timely and adequately compensate Plaintiff for his substantial losses, the Property remains in a state of disrepair. As the 2022 Hurricane season quickly approaches, Plaintiff is still unable to make adequate repairs to put the Property in pre-loss condition.

21. The failure of Defendant to make an adequate and timely payment of damages sustained, despite being provided with satisfactory proof of loss, is arbitrary and capricious given Plaintiff's extensive damages, thereby rendering Defendant liable in bad faith for failure to deal fairly with its insured, and consequently liable to Plaintiff for all damages under the law for property damages sustained by Plaintiff due to Hurricane Laura, as well as penalties and attorney's fees pursuant to La R.S. §22:1973.

22. Upon information and belief, Defendant conducted the investigation and claims handling for Plaintiff's claims in bad faith as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §22:1892 and §22:1973.

23. Plaintiff has incurred or will incur additional expenses in restoring the Property as a result of Defendant's failure to timely compensate Plaintiff for the substantial covered losses.

24. Given Defendant's refusal to timely pay for Plaintiff's damages in full, Plaintiff will be forced to expend additional resources to return the Property to pre-loss condition given the unprecedented rise in costs of materials around the Lake Charles, Louisiana area.

25. As a result of Defendant's failure to timely and adequately compensate Plaintiff for the covered losses, Plaintiff was forced to incur the expense of retaining counsel.

## IV. CAUSES OF ACTION

### A. Breach of Contract

26. Plaintiff incorporates paragraphs 1 – 25 herein.

27. An insurance contract, the Policy, exists between Plaintiff and Defendant.

28. The Policy provides coverages for perils including hurricanes and wind damage.

29. Despite having received satisfactory proofs of loss for damages caused by Hurricane Laura, Defendant failed to timely adhere to the terms of contract and refused to tender adequate insurance proceeds pursuant to the Policy.

30. Defendant wrongfully failed to comply with the terms of the contract by failing to accept coverage and pay for a covered loss. Defendant is therefore in breach of the contract of insurance issued to Plaintiff.

31. By misrepresenting the terms and conditions of the Policy, Defendant breached the Policy.

32. By failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing, Defendant breached the Policy.

33. Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy. In addition to amounts reflected in proofs of loss already received by Defendant, Plaintiff is entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**B. Claims for Violations of La. R.S. § 22:1892 and/or § 22:1973**

34. Plaintiff incorporates paragraphs 1 – 33 herein.

35. Under La. R.S. §22:1973, an insurer owes a duty of good faith and fair dealing to its insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of §22:1973. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

36. Louisiana Revised Statute 22:1892 obligates an insurer, such as Defendant, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the

loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

37. Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

38. Defendant is in violation of La R.S. §22:1892 and §22:1973 for failing to provide Plaintiff an adequate payment in connection with the claim despite having received satisfactory proofs of loss following its own inspections of the Property and following its receipt of independent proofs of loss from Plaintiff.

39. More than thirty and sixty days have elapsed since Defendant first received satisfactory proof of loss of all of Plaintiff's claims and Defendant still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

40. Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

41. Defendant is and continues to be in violation of both Louisiana Revised Statutes §22:1892 and §22:1973 and is liable to Plaintiff for damages, statutory penalties, attorneys' fees, interest, and costs.

## V. DAMAGES

42. Plaintiff incorporates paragraphs 1 – 41 herein.

43. As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff had incurred the following, non-exclusive damages:

   a. Diminution in value of the Property;
   b. Actual repair costs;

    c. Reimbursement for personal repairs at the Property;

    d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

    e. Damages to personal property/contents;

    f. Additional living/loss of use expenses;

    g. Mental anguish;

    h. Penalties described in LA. R.S. §22:1892 and §22:1973; and

    i. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**WHEREFORE**, after due proceedings hereon, Plaintiff prays for judgment in their favor against Defendant finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiff for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest, and costs. Plaintiff further prays for all orders and decrees necessary in the premises, and for full, general, and equitable relief.

Date: August 25, 2022

Respectfully submitted:

**McClenny, Moseley & Associates, PLLC**

*/s/ Michael S. Barcus*
Michael S. Barcus
State Bar No. 38979
Cameron S. Snowden
State Bar No. 35333
1415 Louisiana St. Suite 2900
Houston, Texas 77002
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
Michael@mma-pllc.com
Cameron@mma-pllc.com